# Shadowski *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Res gestæ—Evidence.*

In an action against a street railway company to recover damages for personal injuries to a child, it is reversible error on the part of the trial judge to permit a witness for the plaintiff who was in no way connected with the accident, either as an actor or a participant, to testify to a voluntary profane, exclamatory remark made by himself prior to the happening of the accident, and to no one in particular and not in the

presence of the motorman, or conductor, or injured child, or other persons standing by at the time or immediately after the accident occurred.

Argued Oct. 29, 1909. Appeals, Nos. 57 and 58, Oct. T., 1909, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1904, No. 177, on verdict for plaintiffs in case of Mary Shadowski by her next friend, Adam Shadowski, and Adam Shadowski in his own right v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries to a child. Before SWEARINGEN, P. J.

At the trial a witness for the plaintiff was asked this question: "Q. What remark did you make at that time?"

Objected to by counsel for defendant as being incompetent, irrelevant and immaterial, and not part of the res gestæ.

The Court: The objection is overruled.

To which ruling of the court counsel for defendant requests an exception.

Exception allowed and bill sealed. [1]

"A. I says, 'Look at that damn fool, he will run over that little girl up there.' That is what I said. He did run over her, too."

Verdict and judgment for Mary Shadowski for $7,500 and for Adam Shadowski for $1,534. Defendant appealed.

*Error assigned* amongst others was ruling on evidence, quoting the bill of exceptions.

*James C. Gray,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellees.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

At the trial in the court below a witness produced by plaintiffs and in no way connected with the occurrence either as

actor or participant was permitted to testify under objection to a voluntary profane exclamatory remark made by himself prior to the happening of the accident and to no one in particular. The remark was not made in the presence of the motorman, or conductor, or injured child, or other persons standing by at the time or immediately after the accident occurred. The witness was on the sidewalk returning from his work, saw the car rapidly approaching while the little child was running or playing on the track and made the remark in question. It was offered and admitted as part of the res gestæ, and this has been assigned for error. Under the doctrine of res gestæ those circumstances which are the undesigned incidents of the occurrence upon which the suit is based may be proven when illustrative of the act about which complaint is made. It is true also that these incidents may be separated from the act by a lapse of time more or less appreciable, but they must grow out of and be in a legal sense immediately connected with the litigated act. They may consist of remarks made at the time by an actor, participant, and perhaps under exceptional circumstances by a bystander, if the party making the remark has to do with or is concerned about the occurrence. It is imperatively required, however, that they should be the necessary incidents of the litigated act in order to make such remarks admissible as testimony. In the case at bar the exclamatory remark did not emanate from the act, nor did it have any causal connection with it. It was not made by an actor, or participant, or by anyone connected with the occurrence. It was made by a person walking on the pavement, a considerable distance from the point of accident, who saw a car approaching and noticed a little child on the track. It was not made after the accident but before it happened and not by anyone concerned. For these and other reasons which might be stated the present case is clearly distinguishable from Call v. Easton Transit Co., 180 Pa. 618, principally relied on by counsel for appellees. Again, it may be added, it is an elementary and essential rule of evidence that the best testimony available should be produced in every case. The direct and positive testimony of the witness who made the exclama-

tory remark describing what he saw and what happened at the time of the accident is the best evidence of what occurred. The appellees have the benefit of the direct and positive testimony of this witness and should not be permitted to introduce an exclamatory remark in the nature of a partisan serving declaration when no proper evidential purpose is served by so doing. We find no case in our reports which properly understood can be construed as an authority for the admission of this testimony as part of the res gestæ. It would be a dangerous precedent to establish, and would open the door wider than has yet been done for the introduction of this kind of evidence. It should have been excluded on both reason and authority, and it was error not to do so. Some complaint is made as to the adequacy of that part of the charge which relates to the proper measure of damages. It is unnecessary to discuss this question at length because when the case again comes on for trial, counsel and court will have the opportunity to more fully consider and define what is meant by present worth and capitalization of the future in the verdict.

The first assignment of error is sustained, judgment reversed and a venire facias de novo awarded.