# Illinois Central R. R. Co. *v.* Lowery.

*Injury to Servant.*

(Decided December 4, 1913.   63 South. 952.)

1. *Pleading; Conclusion; Contributory Negligence.*—Pleas of contributory negligence must allege the facts upon which it is based, and not mere conclusions.

2. *Damages; Personal Injury.*—Evidence as to whether the damaged employee was working by the day or otherwise was not material, and therefore, not admissible.

3. *Master and Servant; Contributory Negligence.*—As a defense to an action under the Employer's Liability Acts, pleas of contributory negligence are defective which do not allege that plaintiff had knowledge of the danger, or that the danger was apparent or open to ordinary observation.

4. *Same; Injury to Servant; Evidence.*—Where the action was for injury to a servant caused by the dropping of a steel rail which was being carried by a lever, and which plaintiff was assisting in unloading, evidence that the foreman frequently instructed the workman, while plaintiff was at work, to stay from under the lever, was not admissible, where it was not shown that such warning was given within the hearing of plaintiff.

5. *Same; Res Gestae.*—In such a case, evidence that the employee who was operating the derrick exclaimed at once upon the happening of the accident, "the damn thing was about wore out, anyway, and they would keep it running until they killed somebody," was not admissible as of the res gestae, as the remark showed retrospection and deliberation.

· 6. *Evidence; Res Gestae.*—A contemporaneous declaration, to be admissible as res gestae, must directly relate to, and illustrate and explain to some extent, the occurrence, and must be the apparently spontaneous result of the occurrences operating upon the perceptive senses of the speaker.

7. *Appeal and Error; Harmless Error; Evidence.*—The admission of evidence that the derrick operator exclaimed or stated, when the accident happened, "that the damn thing was about wore out anyway, and that they would keep it running until they killed somebody," cannot be said to be harmless error.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by M. J. Lowery against the Illinois Central Railroad Company, for injuries suffered while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

DAVIS & FITE, for appellant. Plea 9 was sufficient. —*Tallassee F. M. Co. v. Moore,* 158 Ala. 356. The other pleas were also sufficient, and the court erred in sustaining demurrers thereto. The defendant was entitled to show that warning was constantly given the men to stay out from under the derrick. In any event, no objection was made to the question and the court erred in excluding the answer on motion.—*B. R. L. & P. Co. v. Taylor,* 152 Ala. 108. The court erred in admitting the alleged declaration of the derrick operator.—*Wes. Ry. v. Erwin,* 56 South. 768; 4 Thomp. on Neg. 5238. Defendant was entitled to show that plaintiff was working by the day.—*A. G. S. v. Frazer,* 93 Ala. 45. All the parties were fellow servants.—55 Mo. App. 569; 27 S. W. 533; 56 South. 758.

W. V. MAYHALL, and RAY & COONER, for appellee. Pleas of contributory negligence must go beyond averring conclusions, and must state facts to which the law attaches that conclusion.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575. Plea 9 was defective for failure to al-

lege knowledge of danger, or that the danger was apparent.—135 Ala. 575; 91 Ala. 443. It was not shown that the warning was given in plaintiff's hearing, and there was no error in declining to permit the warning to be shown. It is the duty of the courts to exclude illegal evidence at any stage of the trial.—64 Ala. 1; 164 Ala. 545; 130 Ala. 18. The remark of the person having charge of the hoisting engine was competent.—Jones on Evidence, secs. 344, 346-7-8; 19 L. R. A. 733; 48 Ala. 15; 83 Ala. 289; *Young v. State,* 149 Ala. 16; *Nelson v. State,* 130 Ala. 83. It was a part of the res gestæ.—*Stevens v. State,* 138 Ala. 71; 141 Ala. 20, and cases there cited.

SOMERVILLE, J.—The complaint avers that plaintiff, while in the service of defendant, and while discharging the duties of his employment by assisting in the unloading of steel rails from one of defendant's cars, was injured by the negligent dropping upon him of a lever operated by defendant, together with the heavy steel rail which it was carrying from the car at the time. The first count, upon which alone the case was tried, is framed under the first subdivision of the Employers' Liability Act (Code 1907, § 3910), and the injury complained of is alleged to be the proximate result of a defect in the brake which should have controlled the descent of the lever.

Defendant filed a number of pleas setting up contributory negligence. Plea 3 alleges simply that the plaintiff negligently went and was under the steel rail while it was being lowered.

Pleas 4 and 5 allege, in substance, that plaintiff's injury was the proximate result of his negligence in placing himself under the lever or boom rail while adjusting the rails already transferred from the car to

the pile, instead of waiting, as it was his duty to do, until the lever had been removed from thereabove.

Plea 9 alleges that there was a safe way for plaintiff to do the work, viz., by waiting until the steel rail was removed from over the place where he was working, and that there was also an unsafe and dangerous way to do it, viz., by undertaking it before the removal of the superincumbent rail, and plaintiff negligently chose the dangerous way.

Plaintiff's demurrers to these pleas, which were sustained by the trial court, challenge the sufficiency of the facts averred to show contributory negligence.

Pleas of contributory negligence must of course state facts and not mere conclusions.

Plea 3 radically disregarded this requirement. Pleas 4 and 5 and 9 are deficient in failing to aver that plaintiff had knowledge of the danger, or that such danger was apparent or obvious to ordinary observation.—*T. C. I. & R. Co. v. Herndon,* 100 Ala. 451, 14 South. 287; *Tallassee Falls Co. v. Moore,* 158 Ala. 356, 48 South. 593.

Plea 9, as amended, was not subject to objection on this ground, and the demurrers thereto were overruled.

The elimination of counts 2, 3, and 4 of the complaint by an affirmative instruction thereon for defendant renders unnecessary any consideration of rulings on special pleas appropriate to those counts.

We find no error injurious to appellant with respect to the pleadings.

Defendant's offer to show that its foreman, King, frequently instructed "some of the men, or the gang in general," to stay from under the lever and rail, and, further, that he was giving such instruction "all along during the time the plaintiff was at work," were properly rejected, in the absence of any showing that this was

done in the presence or hearing of plaintiff. Whether plaintiff heard these particular instructions to others, or the general instructions to the gang, would have been a matter of pure speculation and not of legitimate inference, under the evidence then before the court.

It was not material on the question of damages whether plaintiff was working by the day, or otherwise, and proof thereof was not improperly rejected.

Against the seasonable objection of defendant, one of plaintiff's witnesses was allowed to testify that defendant's servant, who was operating the derrick and witnessed the accident to plaintiff, exclaimed immediately thereupon that "the damn thing was about wore out anyhow, and they would keep running it until they killed somebody." Appellee's theory as to this testimony is that it was properly admissible as a part of the res gestæ of the accident, and upon that idea we assume it was admitted by the trial court. As long ago pointed out by Professor Thayer (15 Am. Law Review, 5, 81) and more elaborately in recent years by Professor Wigmore (3 Wig. Ev. §§ 1795-97), the term "res gestæ" is one of "convenient obscurity," and is wholly unnecessary as an explanation of the testimonial use of declarations made out of court. It has in fact too often served only to obscure the real principles upon which such declarations may be properly admitted as evidence of the truth of the facts declared.

The mere fact that a declaration is contemporaneous with the transaction in issue, and even relates to and is prompted by it in a general way, does not render it admissible in evidence. Such a declaration, to have testimonial verity and value, and hence to be admissible by way of exception to the rule that excludes hearsay in general, must directly relate to and in some degree illustrate and explain the occurrence in question; and,

essentially, it must be the apparently spontaneous product of that occurrence operating upon the visual, auditory, or other perceptive senses of the speaker. The declaration must be instinctive rather than deliberative —in short, the reflex product of immediate sensual impressions, unaided by retrospective mental action. These are the indicia of verity which the law accepts as a substitute for the usual requirements of an oath and opportunity for cross-examination. It is clear that they are wanting with respect to the declaration here in question. The declarant was not describing the accident he had just witnessed, but merely a condition of the machinery which he had previously observed, and with which he was already familiar. His remark showed retrospection and mental deliberation, pure and simple. To admit such a declaration in evidence as part of the res gestæ is either to misconceive the basic principles of the law, or else to pervert their proper application. Doubtless there are numerous precedents which exhibit these vices, but they are not to be followed.

As said by Chief Justice Bleckley: "The difficulty of formulating a description of the res gestæ which will serve for all cases seems insurmountable. To make the attempt is something like trying to execute a portrait which shall enable the possessor to recognize every member of a numerous family."—*Cox v. State,* 64 Ga. 374, 410 (37 Am. Rep. 76).

The principle here concerned is clearly stated and illustrated in the opinion of SAYRE, J., in *Ala. City, etc., R. Co. v. Heald,* 178 Ala. 636, 59 South. 461, and of MC-CLELLAN, C. J., in *Nelson v. State,* 130 Ala. 83, 30 South. 728.

It is not contended by appellee that the declaration is competent as an admission made by an agent of defendant with respect to an act done by him while engaged

in the line of his service, and it is very clearly not admissible upon that theory.

The trial court erred to the serious prejudice of appellant in admitting the hearsay statement of plaintiff's fellow servant, and therefor the judgment must be reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.