Rosco S. CLAYBROOK et ux., Appellants,

v.

W. M. ACREMAN et al., Appellees.

No. 6636.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 31, 1963.

Rehearing Denied Nov. 20, 1963.

Fulmer, Fairchild & Badders, Nacogdoches, for appellants.

McClain & Harrell, Conroe, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries sustained by plaintiffs in a collision between a pickup truck and an automobile. Judgment was rendered for defendants based upon the answers of the jury to special issues.

Plaintiff Rosco Claybrook was driving the pickup truck with plaintiff, Ethel Claybrook, his wife, riding with him. Defendant Billy Joe Acreman, a minor, was

driving the automobile. Liability was also sought against defendant, W. M. Acreman, his father, on the theory of negligent entrustment.

The jury found the defendant, Billy Joe Acreman, to be driving his automobile in excess of 60 miles per hour, and that it was a proximate cause of the collision. Also, that this defendant was driving at a rate of speed in excess of that which a person of ordinary prudence would have driven under the same or similar circumstances, which was a proximate cause of the collision. That this defendant was not negligent in driving so that his automobile was wholly or partly over on his left side of Highway 105 at the time of the collision. That this defendant was a reckless driver, but his father had no notice of such state of facts. That plaintiff Rosco Claybrook failed to keep his truck entirely upon his right hand side of the road, which was negligence and a proximate cause of the collision. That this plaintiff drove his truck across the center line of the highway on the defendant's right hand side of the highway for the purpose of making a left turn, which was negligence and a proximate cause of the collision. That this plaintiff failed to keep a proper lookout which was a proximate cause of the collision. That this plaintiff failed to yield the right-of-way to defendant's automobile, which was negligence and a proximate cause of the collision. That the collision was not an unavoidable accident. That this plaintiff was not guilty of several other acts of negligence as submitted.

Plaintiffs' pickup truck and defendant's automobile were traveling in opposite directions upon the highway. It is clear from the pleadings, evidence and issues that defendant's theory of the case was that plaintiffs' pickup truck was driven onto the wrong side of the highway to make a left turn off of the highway and when the driver saw he could not clear the path of defendant's car in time to avoid an accident, that plaintiff attempted to drive the pickup truck back to the right side of the highway, when the collision occurred. Plaintiffs contend first that the trial court erred in submitting certain special issues to the jury for the reasons that four of the issues commented on the weight of the evidence, by assuming disputed facts, and the fifth was a shade of another issue and unduly emphasized the defendant's theory of the case. Special Issue #12 read as follows:

"Do you find from a preponderance of the evidence that, prior to the accident in question, Rosco S. Claybrook failed to keep his pickup truck entirely upon his right-hand side of the road toward the direction in which he was traveling as he proceeded Eastwardly upon leaving the trading post?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'."

Special Issue #15 read as follows:

"Do you find from a preponderance of the evidence that Rosco S. Claybrook, prior to the collision in question, drove his pickup truck across the center line of the highway onto Defendant's right-hand side of the highway for the purpose of making a left turn?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'."

Plaintiffs contend the court erred in submitting Issue #15 because it was another shade of the inquiry contained in Issue #12, and therefore commented on the weight of the evidence by unduly emphasizing defendant's theory that plaintiffs' vehicle was in its left lane. These two issues submit shades of the same defensive theory to the jury and therefore are objectionable. Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280; Covington v. Howard, Tex.Civ.App., 347 S.W.2d 802.

The four issues complained of as commenting on the weight of the evidence, by

assuming disputed facts, were #15 which is set out above, and the following:

### Special Issue #18

"Do you find from a preponderance of the evidence that Plaintiff, after having driven into the lane for Westbound traffic, if that you have so found, failed to accelerate the speed of his vehicle so as to clear the highway and move to the road leading to the Johnson home?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'."

### Special Issue #24

"Do you find from a preponderance of the evidence that Plaintiff, on the occasion in question, immediately prior to the collision, suddenly drove his pick-up truck to his right across the highway to the South, when such movement could not be made in safety?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'."

### Special Issue #38

"Do you find from a preponderance of the evidence that on the occasion in question, Rosco S. Claybrook failed to yield the right-of-way to the Acreman vehicle?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'."

It is urged that the phrase in Issue #15 "for the purpose of making a left turn" assumed plaintiffs' vehicle was in its left hand lane because plaintiffs were turning left to visit the Johnson home; that the phrase in Issue #18 "and move to the road leading to the Johnson home" assumed that plaintiffs' vehicle was in its left hand lane because plaintiffs were turning left to visit the Johnson home; that Issue #24 assumed plaintiffs' vehicle was in its left hand lane; that Issue #38 assumed defendant had the

right-of-way and therefore plaintiffs' vehicle was in the wrong lane.

■ It is apparent that Special Issue #24 assumes the plaintiffs' pickup truck was on the left hand side of the highway, and therefore is improper in assuming a disputed issue.

■ The trial court should have defined "right-of-way" for the jury with an issue preceding #38 inquiring about the specific type of "right-of-way" contended for. As submitted, the issue assumes the defendant had the right-of-way. The objection to each of these issues pointed out their vices, and by overruling the objection the plaintiffs were deprived of their right to have each of the issues submitted separately as granted them by Rule 277, Texas Rules of Civil Procedure. Johnson v. Zurich Gen. Accd't & Liab. Ins. Co., 146 Tex. 232, 205 S.W.2d 353.

The plaintiff contends the trial court erred in sustaining defendant's objection to a portion of the jury argument. Counsel for plaintiffs made the following argument:

"Ladies and 'Gentlemen, the witness, Turner, the testimony developed, not only was present in the automobile under the circumstances I have just outlined, but was a friend of Billy Joe Acreman's, and, therefore, clearly more available as a witness to the defendant, Billy Joe Acreman, than to the plaintiffs, who were strangers to him. It was further developed that Billy Joe Acreman and his lawyer talked to the witness Turner in the courtroom after this case began, and you have not heard his testimony yet, and from that, I submit, you can draw only one reasonable inference, and that is that Melvin Turner would not support the testimony of Billy Joe Acreman concerning the facts surrounding this accident, and that was the reason why * * * *"

Upon objection the court instructed the jury not to consider this argument for any purpose.

Our courts have uniformly held that the omission of a party to produce important testimony relating to a fact of which he has knowledge, and which is purely within his control, raises the presumption that the testimony, if produced, would be unfavorable. A review of the cases on this point has brought us to these conclusions: First, an attorney may comment upon the failure of his adversary to call as a witness a person who was in his employ at the time the cause of action arose, if such person was in a position to acquire material information. Second, if the missing witness referred to is not an employee, then he must stand in some special position to such adverse party to predispose him to favor such adverse party. And, third, the word "available" does not mean that the missing witness must be within the jurisdiction of the court so that he can be reached by subpoena, but means that the witness can be located so that he can either be served by a subpoena or his testimony secured by deposition. Tex.-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 68 A.L.R.2d 1062.

Applying these rules to the present case, the question to determine is whether Melvin Turner, the witness commented about, stood in such a special position to the defendant, Billy Joe Acreman, as to predispose Turner to favor Acreman. The testimony showed Melvin Turner and Billy Case were riding in the front seat of the automobile with Billy Joe Acreman at the time of the collision. That Melvin Turner was a close friend to Billy Joe Acreman. That Melvin Turner was present in the courtroom during a part of this trial.

We conclude these facts bring this case within the rule and because of the special relationship between this witness and the defendant, that is, close friendship, coupled with the witness's availability to testify, and the fact that this witness was obviously in a position to obtain material information about the points at issue in the case, the comment made by the plaintiffs' attorney was proper. Because of the close friendship this witness would be presumed to be predisposed to favor Billy Joe Acreman, and it was legitimate argument to comment upon the unexplained failure of defendants to call him as a witness.

Plaintiffs also complain of the action of the trial court in refusing to permit two witnesses to testify as to statements made just prior to the collision. The evidence showed these two witnesses, together with four other persons, were sitting in an automobile at the side of the road about a mile from the place the collision occurred. They each testified the defendant, Billy Joe Acreman, was racing another car down the highway at the time he passed them. They were not permitted to relate the comments made by the occupants of the car at the time. The bills of exception show these comments made were as follows:

"* * * they won't last long at that rate of speed * * * there goes Billy Joe Acreman * * * they won't last long at that rate, that rate of speed. * * * Yeah, they're really pouring the oil on them * * * yeah, that boy in the black car is sure giving him a run for his money."

The counsel for defendants objected on the ground that any comments made would be hearsay. These comments spontaneously made at the time the defendant Billy Joe Acreman passed only a few seconds before the collision were a part of the "res gestae" and should have been admitted in evidence. Houston Oxygen Co., Inc. v. Davis, 139 Tex. 1, 161 S.W.2d 474, 140 A.L.R. 868.

We have concluded the errors above discussed amounted to such denial of the rights of plaintiffs as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in this case. We hold that each of these errors was reversible error. We also hold the

cumulative effect of all of these errors, under the facts and circumstances of this case, constitute reversible error. Scott v. McLennan County, Tex.Civ.App., 306 S.W.2d 943.

Reversed and remanded.