No. 46,645

RODNEY HASTINGS, *Appellant*, v. ENOCH ELIJAH ROSS, *Appellee*, and JAMES A. HASTINGS, *Appellant*.

(508 P. 2d 514)

Opinion filed April 7, 1973.

*Morris D. Hildreth*, of Coffeyville, was on the brief for appellant, Rodney Hastings, and *John B. Markham*, of Parsons, was on the brief for appellant, James A. Hastings.

*Aubrey Neale* and *Ray A. Neale*, both of Coffeyville, were on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On November 28, 1969, an accident occurred at an intersection in Coffeyville, Kansas. Two cars were involved. One car was driven by James A. Hastings. It was proceeding west on Fourth, a one-way protected street. This car belonged to James' father. The second automobile was operated by Enoch Elijah Ross, a minister and music teacher, who was in Coffeyville to attend a revival meeting. His car was proceeding north on Walnut, an unprotected street. His wife was a passenger in his car. Both cars were wrecked.

James' father, Rodney Hastings, sued to recover damages to his car. The Reverend Mr. Ross counterclaimed for the damage done to his vehicle and made James a third-party defendant. The case was tried to the court on evidence introduced in the prior trial of Mrs. Ross against James, as supplemented by additional stipulations. The trial court exonerated Ross of any negligence contributing to the accident but found that James was guilty of negligence which was the sole proximate cause of the collision. Ross was awarded judgment in the amount of $2260. James and his father have appealed. We shall hereafter refer to the parties by name or as appellants and appellee.

Basically, two points are raised on appeal. The first point goes to the sufficiency of the evidence. On the one hand the appellants contend the evidence was insufficient to establish negligence on the part of James, while on the other hand they maintain that the evidence shows Ross was guilty of contributory negligence as a matter of law. In our opinion neither of these contentions can be sustained when the evidence is scrutinized in the light of our ancient rule that findings of the trial court will not be set aside where they are supported by substantial competent evidence. (1 Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, § 507.)

According to the testimony of Mr. Ross, which was corroborated in large part, he stopped at the stop sign located twenty-four feet from the south curb line of Fourth Street. He looked to his right and saw the Hastings vehicle a little more than a block away. The block was stipulated to be 450 feet long. He then glanced to his left before pulling across. He quickly glanced again toward the right. The Hastings car was about a block away, as he remembered it. He figured it was traveling at the speed limit, 30 miles per hour. He proceeded into the intersection. On reaching the northeast quadrant of the intersection his car was struck by the Hastings car. He had no idea the car would get there that quick. The impact shoved his car against a tree and a fireplug on the opposite corner of the intersection.

Estimates of the speed at which James was driving were given by two disinterested witnesses who lived on Fourth Street approximately 200 feet from the accident. One of the witnesses, Mrs. Morris, testified he was going at least 50 miles per hour. Her husband said 40 or 50. Mr. Ross said the Hastings vehicle was going at tremendous speed—like a rocket coming after him.

James, it is true, testified he was going just 30 miles per hour. He saw the Ross vehicle stopped at the stop sign but didn't see it again until a split second before the collision, at which time he ducked down to avoid being thrown through the windshield. He never saw Ross drive from the stop sign until just before he hit his car. He testified he did not slow down at all; that "there was no reason to, really"; that he had "the privilege of assuming" cars are going to stay stopped at the stop sign; that he "had the right of way."

It is apparent the evidence was in conflict as to fault. It was for the trial court to resolve the conflict, not this court on appeal. We cannot weigh the evidence or pass on the credibility of witnesses. An appellate court is concerned only with the evidence which sup-

ports the district court's findings, not with that which tends to support a contrary conclusion. (*Allen v. Schauf*, 202 Kan. 348, 359, 360, 449 P. 2d 1010, and cases cited therein.) In the instant case we deem the findings of the trial court amply supported by the evidence.

The second point raised on appeal is concerned with the admissibility of evidence. Mrs. Morris, who lived 200 feet east of the intersection and who observed James' speeding car as it passed her house, testified that as the car drew even with their gate she said to her husband "that boy is going to kill somebody one of these days." An objection was interposed to this testimony. The trial court admitted the testimony as being a spontaneous exclamation. We believe this analysis was essentially correct. An annotation in 46 A. L. R. 2d Anno: Evidence—Prior Manner of Driving, §§ 3, 4, p. 23, points out numerous cases where similar exclamations have been admitted as part of the *res gestae*.

The appellants now contend the evidence of Mrs. Morris was inadmissible as heresay. In our view the testimony was clearly not hearsay. Mrs. Morris herself testified to what she exclaimed—not some third person. K. S. A. 60-460 defines hearsay evidence:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay . . ."

No third party attempted to repeat what Mrs. Morris said as she observed James driving down the street in his father's car. Hearsay evidence is not involved.

Error has not been established and the judgment of the trial court is affirmed.