Commonwealth *v.* Coleman, Appellant.

Submitted January 8, 1974; reargued April 19, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

114

*Frederick J. Lanshe,* Public Defender, for appellant.

*Lawrence J. Brenner,* Assistant District Attorney, with him *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, October 16, 1974:

On May 3, 1971, at approximately 6:00 a.m., Diane McCarthy was awakened by her boyfriend, James Coleman, who lived with her at her apartment in Allentown, Pennsylvania. At 6:15 a.m., Diane telephoned her mother in East Stroudsburg, saying that Coleman would not let her leave the apartment, that he would hang up the phone and that he was going to kill her. At approximately 6:25 a.m., the telephone connection was broken in Allentown, and the mother, Marilyn McCarthy, called the police as Diane had implored her to do. Five minutes later, Coleman, blood-spattered and cut about the face and hands, hailed a patrol car on a nearby street and said that he had hurt his girlfriend. The police found Diane in her apartment dead of multiple stab wounds at 6:35 a.m.

Appellant was tried before a jury in the Court of Common Pleas of Lehigh County and convicted of aggravated assault and battery, assault with intent to kill and second degree murder on September 24, 1971. Timely motions for new trial and in arrest of judgment were denied, and appellant was sentenced to a term of ten to twenty years' imprisonment. This appeal followed.

Appellant contends that the trial judge erred in permitting the decedent's mother to testify for the Commonwealth as to the decedent's statements in the aforementioned telephone conversation prior to her death. He maintains that admission of this testimony under the res gestae exception to the hearsay rule was improper in that the decedent voiced only opinions without factual support at the time given. He argues that the effect of the judge's ruling was to preclude a successful plea of self-defense and to deter the jury from a verdict of voluntary manslaughter by evidencing the existence of malice. Appellant testified at trial that he had stabbed the decedent, but claimed that she had precipitated his action by an unprovoked attack upon him with a letter opener. He submits now, in essence, that the decedent's statements to her mother over the telephone are inadmissible as both hearsay and pure opinion. There is, however, no contention that the verdict was against the weight of the evidence.

The issue raised by this appeal is one of first impression in this Commonwealth. There is no doubt that the challenged testimony of decedent's mother comports with the classical definition of hearsay as an out-of-court utterance offered to prove the truth of the fact asserted, *i.e.*, that appellant had made manifest an intent to kill Diane McCarthy. This Court must determine whether a declaration rendered in conclusory terms over a telephone conveying the substance of one's observation of another's apparently threatening behavior is properly admissible as evidence under any exception to the hearsay rule.

This Court has consistently recognized the validity and rationality of the res gestae exception to the bar against admissibility of hearsay evidence at trial. In examining the concept of res gestae, the courts of this Commonwealth have adhered to the thesis that: "A res gestae declaration may be defined as a spontaneous

declaration by a person whose mind has been suddenly made subject to an over-powering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." *Allen v. Mack*, 345 Pa. 407, 410, 28 A.2d 783, 784 (1942). *Accord, Cody v. S. K. F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972); *Commonwealth v. Edwards*, 431 Pa. 44, 244 A.2d 683 (1968); *Carney v. Pennsylvania R. R. Co.*, 428 Pa. 489, 240 A.2d 71 (1968); *Commonwealth v. Stokes*, 409 Pa. 268, 186 A.2d 5 (1962). The rationale underlying the exclusion of res gestae declarations from the hearsay rule is that the startling event speaks through the verbal acts of the declarant and vests reliability in an out-of-court statement whose accuracy would otherwise be suspect. *Cody v. S. K. F. Industries, Inc.*, 447 Pa. at 563, 291 A.2d at 774. The spontaneity of such an excited declaration is the source of reliability and the touchstone of admissibility.

In an enlightened analysis of the historical application of the res gestae doctrine, Professor McCormick has indicated that the term res gestae is more generic than particular in nature. *See* McCormick, *Evidence* §274 at 585 (1954). He concludes and we agree that within the scope of res gestae there exist four distinct exceptions to the hearsay rule, all possessing different indicia of reliability: (1) declarations of present bodily condition; (2) declarations of present mental state and emotion; (3) excited utterances; and (4) declarations of present sense impression. The practice in many courts, including those of this Commonwealth, has been to refer to the particular exception by the generic designation. Res gestae statements as defined by this

Court in *Allen v. Mack* partake of the characteristics of excited utterances. The exception for excited utterances is not applicable to the present circumstances.

We note that the decedent's statements to her mother resemble more a verbalization of her perception of appellant's attitude and behavior than a declaration of emotion engendered by a prior physical occurrence. In a well-reasoned essay on the subject of res gestae, Professor Morgan asserted that there should be an exception to the hearsay rule for present sense impressions, *i.e.,* declarations concerning conditions or non-exciting events which the declarant is observing at the time of his declaration. Morgan, *Res Gestae,* 12 Wash. L. Rev. 91, 96 (1937). The indicium of reliability for such a declaration is in his view its contemporaneousness with the observation of the occurrence or condition. Relative immediacy of the declaration insures that there will have been little opportunity for reflection or calculated misstatement. There is no necessity for the presence of a startling occurrence or accident to serve as a source of reliability, for: "The declaration is 'instinctive, rather than deliberative—in short, the reflex product of immediate sensual impressions, unaided by retrospective mental action. These are the indicia of verity which the law accepts as a substitute for the usual requirements of an oath and opportunity for cross-examination.'" Morgan, *Res Gestae,* 12 Wash. L. Rev. at 96, *citing Illinois Central R. R. Co. v. Lowery,* 184 Ala. 443, 448, 63 So. 952, 953 (1913); *see* McCormick, *Evidence,* §298 at 710 (1972).

Various courts throughout the United States have embraced the precepts underlying an exception to the hearsay rule for declarations of present sense impressions.* Of particular pertinence to our considerations

---

\* We, of course, recognize that no declaration of present sense impression of a condition or another person's behavior will issue

in this case is the decision of the Supreme Court of Texas in *Houston Oxygen Co. v. Davis,* 139 Tex. 1, 161 S.W.2d 474 (1942). Therein, the defendant in an automobile collision case offered through a witness the declaration of one Mrs. Cooper that when the plaintiff's car passed her at a point some four miles prior to that of the eventual accident, she had said: "[T]hey must have been drunk, that we would find them somewhere on the road wrecked if they keep that rate of speed up." Objection to the admissibility of this testimony was sustained at trial, but the Supreme Court reversed. It found that the evidential value of the remark was more than merely cumulative and that the comment possessed exceptional reliability in that it was contemporaneous in time with the observation, was safe from any defect in memory or opportunity for calculated misstatement, and had been made to the testifying witness who had an equal opportunity to observe and hence to check a misstatement. *See also Hastings v. Ross,* 211 Kan. 732, 508 P.2d 514 (1973) (statement of witness when she saw automobile pass her house that "that boy is going to kill somebody one of these days," uttered prior to the actual collision, held admissible); *Claybrook v. Acreman,* 373 S.W.2d 287 (Tex. Civ. App. 1963) (statement of bystanders that "they won't last long at that rate of speed" held admissible); *McCullom v. McClain,* 227 S.W.2d 333 (Tex. Civ. App. 1949) (declarations of bystanders relating to high speed of plaintiff's motorcycle just before collision held admissible); *Marks v. I. M. Pearlstine & Sons,* 203 S.C. 318, 26 S.E.2d 835 (1943) (statement by

without a tinge of excitement. Excitement and spontaneity are well-accepted as the rationale underlying other exceptions to the hearsay rule, *e.g.,* the admissibility of excited utterances. Their presence should cast no detrimental aspersions upon the reliability to be found in the decedent's statements to her mother in this case.

witness to racing by trucks that "the trucks are going to kill somebody yet" held admissible). Indeed, Rule 803(1) of the Federal Rules of Evidence provides for the admissibility of declarations of present sense impression made either during or immediately after perception of the event or condition.

Thorough consideration of the decedent's statements to her mother over the telephone in light of the present sense impression exception to the hearsay rule leads us to agree with the decision of the Court of Common Pleas that they are properly admissible as evidence. The decedent told her mother that appellant would not let her leave the apartment, that he would hang up the phone and that as soon as the phone had been hung up, he would kill her. The mother testified that appellant could be heard shouting in the background, and appellant himself testified that he and the decedent had engaged in a loud argument immediately prior to the telephone call. Contemporaneity of the declarations with the observation seems clear. There existed a sufficient confluence of time and events to vest special reliability in the statements. Moreover, we do not consider the inability of the mother to have observed the situation in the apartment to be sufficiently persuasive in effect to disallow application of the exception. Verification has never been deemed an absolute prerequisite to admissibility of testimony under this Court's previous treatment of res gestae exceptions to the hearsay rule. In view of the facts and corroborative testimony of the appellant, we can see no reason to alter that practice in this case.

In concluding that the mother's testimony is properly admissible under the present sense impression exceptions to the hearsay rule, we feel it necessary to reexamine this Court's holding in *Shadowski v. Pittsburgh Rys.*, 226 Pa. 537, 75 A. 730 (1910). In that case, a bystander, upon seeing a streetcar rapidly approach

the point at which a child was running or playing on the track, exclaimed: "Look at that damn fool; he will run over that little girl up there." This Court held this statement inadmissible, finding that the exclamatory remark by a bystander neither emanated from the litigated act (the accident) nor had any causal connection therewith. *Shadowski v. Pittsburgh Rys.*, 226 Pa. at 538, 75 A. at 731. The rationale underlying this Court's decision in *Shadowski* is not persuasive; indeed, it runs contrary to a reasoned consideration of reliability as the groundstone for admissibility of evidence. It is, therefore, expressly overruled. A declaration need not follow the litigated act to be admissible where other indices of reliability are present.

In coincidence with the allegation of hearsay, appellant contends that decedent's out-of-court statement— "He is going to kill me"—expresses a mere opinion without basis in fact. This contention is based upon the classic legal doctrine that witnesses shall testify in court only to facts and not to inferences, conclusions or opinions. *Smith v. Clark*, 411 Pa. 142, 190 A.2d 441 (1963); *Delair v. McAdoo*, 324 Pa. 392, 188 A. 181 (1936); *Graham v. Pennsylvania Co.*, 139 Pa. 149, 21 A. 151 (1891). By definition, however, our holding that the decedent's statements are admissible under the exception for present sense impressions to the hearsay rule disposes of appellant's contention. An impression of contemporaneous events or conditions is not at all similar to an opinion rendered on evidence presented at trial. Moreover, we cannot say that admission of the decedent's declaration will subvert the historic function of the jury to pass on the credibility of witnesses, to determine facts and to decide the weight to be given evidence. The challenged testimony is competent and admissible.

Judgment affirmed.

Mr. Justice EAGEN and Mr. Justice MANDERINO concur in the result.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

While I concur with the conclusion in the opinion of Mr. Chief Justice JONES that the victim's statement to her mother was admissible into evidence under an exception to the hearsay rule and was not excludible as being an opinion, I do not agree that the "present sense impression" exception to the hearsay rule is the basis of the admissibility of the challenged declaration. Assuming that this exception would be a useful addition to the law of Pennsylvania relative to hearsay evidence, it is not, in my view, applicable to the case at bar. On the other hand, I am satisfied that the challenged statement is admissible under the so-called "excited utterance" exception, another variant of the res gestae exception, and I am at a loss to explain the conclusion to the contrary in the opinion announcing the judgment of the Court.

In the case of *Allen v. Mack*, 345 Pa. 407, 28 A.2d 783 (1942), this Court defined what is known as the res gestae exception to the hearsay rule: "A res gestae declaration may be defined as a spontaneous declaration by a person whose mind has been suddenly made subject to an over-powering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." 345 Pa. at 410, 28 A.2d at 784. The opinion of the Chief Justice concludes, and I agree, that as so defined, this exception is preferably described as the "excited utterance" exception. McCormick, *Evidence* §297 at 704 (2d ed. 1972).

Professor McCormick has said that there are two basic requirements for the applicability of this exception: "First, there must be some occurrence or event

sufficiently startling to render normal reflective thought processes of an observer inoperative. Second, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." McCormick, op. cit., supra. See also A.L.I. Model Code of Evidence, Rule 512(b); proposed Rules of Evidence for the United States Courts and Magistrates, Rule 803(2) (1973).*

From the evidence in the case at bar it is manifest that both elements of the "excited utterance" exception are present: a sufficiently shocking or (in McCormick's word) "startling" occurrence and a statement which is a "spontaneous reaction" to that occurrence. The victim's mother testified that her daughter, Diane McCarthy, telephoned her on the morning she died and told her mother that she had just been awakened by the defendant punching her seven times in the face. The mother further testified that throughout the call she could hear Coleman yelling loudly and angrily in the background. Certainly this episode in which Diane was caught up may be truly characterized as "sufficiently startling to render normal reflective thought processes . . . inoperative." McCormick, op. cit. supra. In Commonwealth v. Noble, 371 Pa. 138, 88 A.2d 760 (1952), this Court said "[s]pontaneous exclamations or declarations uttered during or immediately preceding or following the actual infliction of wounds or springing out of the actual commission of the crime, are admissible as within the res gestae rule." 371 Pa.

---

* The proposed Rules of Evidence were adopted by the Supreme Court of the United States on December 18, 1972, as an amendment of Rule 43 of the Federal Rules of Civil Procedure, effective July 1, 1973, and transmitted to the Congress in accordance with the provisions of Title 28, U.S.C. §2072. By virtue of P. L. 92-12 enacted by the 92nd Congress, however, the Rules will not take effect until approved by Congress, which has yet to take final action.

at 145. See also *Commonwealth v. Edwards,* 431 Pa. 44, 244 A.2d 683 (1968); *Commonwealth v. Stokes,* 409 Pa. 268, 186 A.2d 5 (1962). In the present case, Diane's declaration immediately followed defendant's first assault upon her and preceded only by moments the further threatened attack. Again, such an attack and such a threat surely qualify as "startling" (McCormick) or as "shocking" (*Allen v. Mack, supra*).

The element of "spontaneity" is likewise present here. The victim's mother testified that when she suggested to Diane that she would hang up and call the police, her daughter begged her not to do so " '[b]ecause as soon as the phone is hung up,' he was going to kill her." The conclusion is irresistible that this declaration was the victim's spontaneous reaction to the attack upon her only minutes before. There was no evidence that the statement was premeditated or in any way the product of design on the declarant's part. The fact that her fear was indeed justified was tragically borne out by the fact that only minutes after her frantic telephone call to her mother, Diane McCarthy was found dying of 102 stab wounds.

Since it is my belief that the challenged statement did come within the "excited utterance" exception to the hearsay rule, I think the other opinion is mistaken in using this case as a vehicle for the adoption of the "present sense impression" exception. In its effort to get away from the "res gestae" label for the hearsay exception applicable to a fact situation such as this case presents, Mr. Chief Justice Jones has, in my opinion, unnecessarily adopted a new and, on these facts, inapplicable exception.

For the above reason, I concur that, hearsay though it was, the statement was properly admitted into evidence.

Mr. Justice Roberts and Mr. Justice Nix join in this concurring opinion.