IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0043-07



 


JOHN ROBERT FISCHER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, P.J., Meyers and
Keasler, JJ., joined. 


DISSENTING OPINION 



 The State claims that the court of appeals erroneously decided that Rule 803(8)(B) "trumps" Rule
803(1). The Court decides that Rule 803(8)(B) does not "trump" Rule 803(1) (1) and also states that the
court of appeals did not say this. (2) The court of appeals and this Court have, however, essentially decided
that Rule 803(8)(B) "trumps" Rule 803(1).

 The following hypothetical illustrates how the Court's opinion does, in fact, decide that Rule
803(8)(B) "trumps" Rule 803(1). Suppose that a police officer and a private citizen come upon the scene
of a traffic accident involving two cars. The police officer and the private citizen walk to one of the
wrecked cars and observe an open container of alcohol inside. It takes the police officer and the private
citizen a few seconds to walk over to another bystander at the accident scene. Having had the opportunity
of "thinking about it" during this brief period of time, the police officer and the private citizen immediately
state to the bystander that they observed an open container of alcohol inside one of the wrecked cars. 
Even though the police officer's and the private citizen's out-of-court declarations to the bystander were
based on their observations of the same event at the same time and were made under identical
circumstances, the Court's opinion apparently would allow the private citizen's out-of-court declaration
to be admitted as a present sense impression, (3) but would exclude the police officer's out-of-court
declaration as a "speaking offense report." (4) By admitting the former while excluding the latter, the Court's
opinion really does decide that Rule 803(8)(B) "trumps" Rule 803(1). (5)

 I disagree with the Court that, in analyzing whether Martinez's out-of-court statements qualify as
present sense impressions, it is appropriate to look "to the rationale for excluding law enforcement reports
under Rule 803(8)(B) by analogy." (6) This case would present a "speaking offense report" (7) scenario under
Rule 803(8)(B) had Martinez, in accordance with how offense reports are usually prepared, dictated his
on-the-scene observations as part of an offense report some time after the events in question after having
had the opportunity of "[t]hinking about it." But, that is not what occurred here. The brief period of time
(a few seconds) between Martinez's observation of the events and his description of them on the audiotape
provided him with very little opportunity of "[t]hinking about it" and does not present a setting "brimming
with the potential for exaggeration or misstatement." (8) And, though Martinez may have been "engaged in
the competitive enterprise of ferreting out crime," (9) this short time interval provided little or no time for
calculated misstatement (10) and it still eliminated the four "hearsay dangers" of faulty perception, faulty
memory, accidental miscommunication, or insincerity. (11) The contemporaneity and "immediately thereafter"
requirements of Rule 803(1) remove any analogy between cases like this and Rule 803(8)(B). (12)

 The admissibility of the statements at issue in this case should be analyzed under the usual factors
for determining whether statements qualify as present sense impressions under Rule 803(1). (13) Two
essential elements of the present sense impression exception to the hearsay rule are: (1) substantial
contemporaneity between the out-of-court statements and the event or condition they describe, and (2)
spontaneity of these out-of-court statements. (14) As to the substantial contemporaneity requirement,
commentary to Federal Rule 803 states:

 Rule 803(1) adopts the increasingly accepted new hearsay exception for statements
describing or explaining an event or condition made while the declarant was perceiving the
event or condition or immediately thereafter. The theory underlying Rule 803(1),
according to the Advisory Committee Note, is that "substantial contemporaneity of event
and statement negative the likelihood of deliberate or conscious misrepresentation." The
critical element, therefore, is contemporaneity; the statement must be made at the time that
the event or condition is being perceived or immediately thereafter. If the statement is
made right at the time of the event, it is assumed that the declarant had no time to lie about
it; and there is little chance of misstatement due to loss of memory.


 While contemporaneity is critical to admissibility, there is in fact no talismanic time period
for admission as a present sense impression. Admissibility is determined on a case-by-case basis, in which the Court investigates the circumstances of the statement to determine
whether the declarant had significant time for reflection.[ (15)]


 And, in Illinois Central R.R. Co. v. Lowery, 63 So. 952, 953 (Ala. 1913), the Alabama Supreme
Court described the spontaneity requirement as follows:

 The mere fact that a declaration is contemporaneous with the transaction in issue, and even
relates to and is prompted by it in a general way, does not render it admissible in evidence. 
Such a declaration, to have testimonial verity and value, and hence to be admissible by way
of exception to the rule that excludes hearsay in general, must directly relate to and in some
degree illustrate and explain the occurrence in question; and essentially, it must be the
apparently spontaneous product of that occurrence operating upon the visual, auditory, or
other perceptive senses of the speaker. The declaration must be instinctive rather
than deliberative-in short, the reflex product of immediate sensual impressions,
unaided by retrospective mental action. These are the indicia of verity which the law
accepts as a substitute for the usual requirements of an oath and opportunity for cross-examination.


(Emphasis supplied). (16)

 Martinez's out-of-court factual assertions satisfy the contemporaneity requirement because they
describe or explain events, which Martinez (the declarant) was observing at the time that he made the out-of-court statements or immediately thereafter. See Hallums, 841 A.2d at 1277 ("underlying rationale for
the present sense impression exception is that '[s]tatements of present sense impression are considered
reliable because the immediacy eliminates the concern for lack of memory and precludes time for intentional
deception'"). Martinez's out-of-court factual assertions also satisfy the spontaneity requirement because
they are "instinctive rather than deliberative-in short, the reflex product of immediate sensual impressions,
unaided by retrospective mental action." See Lowery, 63 So. at 953; (17) Waltz, supra at 876 (spontaneity
is an inference drawn from the required absence of any appreciable time lapse between event or condition
and descriptive comment); 46 Colum.L.Rev. at 439 (spontaneity requirement usually satisfied when
contemporaneity requirement is satisfied).

 There are in this particular case other reliability-insuring safeguards that may be absent in other
present sense impression cases. For example, Martinez's out-of-court factual assertions apparently would
have been elicited (not through a third-party witness) but through Martinez himself, who would have been
subject to cross-examination on these statements. (18) In addition, Martinez's out-of-court factual assertions
were captured on the audiotape and, therefore, would not be elicited at trial based only on his memory of
the events. One of the most important reliability-insuring safeguards in this case is the videotape itself,
which corroborates most of Martinez's out-of-court statements on the audio portion of this videotape. (19) 
Applying these considerations to this case, the trial court could not have abused its discretion to decide that
Martinez's out-of-court factual assertions qualify as present sense impressions. (20)

 The Court's opinion also seems to suggest that Martinez's out-of-court statements cannot qualify
as present sense impressions because they are "testimonial" for purposes of federal constitutional
Confrontation Clause analysis under Crawford v. Washington, 541 U.S. 36 (2004). (21) It is not clear that
Martinez's out-of-court statements are "testimonial." Even if they are, this Court has held that an out-of-court statement qualifying as an excited utterance under Rule 803(2) can also be "testimonial." See
generally Wall v. State, 184 S.W.3d 730 (Tex.Cr.App. 2006). The Court's opinion characterizes a
present sense impression under Rule 803(1) and an excited utterance under Rule 803(2) as unreflective
statements. See Maj. Op. at 6. If, under Wall, an excited utterance can be "testimonial," then so can a
present sense impression. It is also noteworthy that Martinez's out-of-court factual assertions would be
admissible at trial under Crawford, as long as Martinez was available for cross-examination. 

 Finally, the "[t]hinking about it" rationale in the Court's opinion does not apply to all of Martinez's
out-of-court statements such as his out-of-court statement, "I smell alcohol," when Martinez asked
appellant if he had any alcohol in the car. (22) In addition, the Court's opinion seems to suggest that the entire
audiotape is inadmissible, when both appellant and the court of appeals have acknowledged that some
portions of the audiotape "would be admissible." See Fischer, 207 S.W.3d at 850. For example,
appellant's statement to Martinez that he had "Three Wines" should not be excluded by anything that the
Court's opinion says. 

 I respectfully dissent.


 Hervey, J.

 

 

Filed: January 16, 2008

Publish


 
1. See Maj. Op. at 13 (Rule 803(8)(B) does not "trump" Rule 803(1)).
2. See Maj. Op. at 11 ("The court of appeals did not say this.").
3. A trial court would not abuse its discretion to admit the private citizen's out-of-court declaration
as a present sense impression under Rule 803(1), since it is a "statement describing or explaining an event
or condition made while the declarant was perceiving the event or condition, or immediately thereafter." 
4. Another hypothetical illustrating this principle would be a private citizen at the scene in this case
observing the same events as Martinez and a few seconds later (i.e., "immediately thereafter") giving a
description of these events on audiotape (such as, for example, appellant twice failing the one-leg stand
test). Under the Court's opinion, these private citizen out-of-court recorded statements apparently would
qualify as present sense impressions.
5. If Rule 803(8)(B) does not "trump" Rule 803(1), then it would not be necessary for the Court's
opinion to state that Rule 803(1) cannot be used as a "back door" to admit evidence excluded by Rule
803(8)(B). See Maj. Op. at 17 ("Rule 803(1) cannot be used as a back door to admit evidence explicitly
inadmissible under Rule 803(8)(B)") (internal quotes omitted). This echoes the decision in Cole v. State,
which decided that the business records exception to the hearsay rule set out in Rule 803(6) also cannot
be used as a "back door" to admit evidence excluded by Rule 803(8)(B). See Cole v. State, 839 S.W.2d
798, 806-13 (Tex.Cr.App. 1990) (op. on reh'g).

 Some of the commentary to Fed. R. Evid. 803 suggests, however, that a proper application of
Rule 803(8)(B) would not create a conflict with Rule 803(6); thus not requiring a decision whether Rule
803(6) could be used as a "back door" for admitting evidence that is inadmissible under Rule 803(8)(B). 
See USCS Federal Rules of Evidence, Rule 803 (1998), commentary by Stephen A. Saltzburg, Daniel J.
Capra, and Michael M. Martin at 377-78 stating:


 In criminal cases, the argument has sometimes been made that a report that is inadmissible
due to the exclusionary language of Rule 803(8)(B) . . . can nonetheless be admitted as a
record of regularly conducted activity under Rule 803(6). However, if the exclusionary
language is properly applied so as to exclude only those law enforcement reports that are
subjective and made under adversarial circumstances-which is the position taken by most
Courts, as discussed above-then there is no conflict between the Rules. This is because
records that are prepared in anticipation of litigation are excluded under the trustworthiness
criterion of Rule 803(6); and those are, in effect, the only records that are excluded under
the prevailing view of Rule 803(8). Accordingly, under the predominant approach to Rule
803(8), the issue of whether a law enforcement report excluded under Rule 803(8) can
nonetheless be admitted under Rule 803(6) does not arise. Such a report is by definition
untrustworthy and inadmissible under both Rules. (Citation omitted).
6. See Maj. Op. at 11-12.
7. See Maj. Op. at 2, 16.
8. See Maj. Op. at 20.
9. See Maj. Op. at 12, 16.
10. See Maj. Op. at 8 fn. 15.
11. See Maj. Op. at 5-6, 8 fn. 15.
12. In addition, even if Martinez's out-of-court statements could be considered a "speaking offense
report," Rule 803(8)(B) arguably would not exclude these out-of-court statements, since Martinez
apparently would have testified at trial and been subject to cross-examination on them. See Saltzburg,
supra, at 377 (noting that most courts have held that the exclusion in Rule 803(8)(B) "is inapplicable where
the public official who prepared the report actually testifies at trial").
13. The following authorities present an accurate picture of the history and scope of the present sense
impression exception to the hearsay rule from when it was part of the common-law res gestae rule to its
current codification in the federal and state evidentiary rules. See Hallums v. United States, 841 A.2d
1270, 1276-79 (D.C. 2004); USCS Federal Rules of Evidence, Rule 803(1) (1998), Advisory Committee
Notes at 335-356; Saltzburg, supra, at 357-61; Jon R. Waltz, The Present Sense Impression Exception
to the Rule Against Hearsay: Origins and Attributes, 66 Iowa L. Rev. 869 (1981); Note,
Spontaneous Exclamations in the Absence of a Startling Event, 46 Colum. L. Rev. 430 (1946).
14. See Hallums, 841 A.2d at 1277-78 (out-of-court statements sought to be admitted as present
sense impressions must have been "made spontaneously and contemporaneously with the events described"
and "care must be taken to ensure that [present sense impression exception] is not used to admit statements
that circumstances reveal were not truly spontaneous, but instead involved conscious reflection or recall
from memory"); Federal Rule 803(1), Advisory Committee Notes at 336 (spontaneity "is the key factor");
46 Colum. L. Rev. at 437-38 (out-of-court statement must be spontaneous and contemporaneous with
the event or condition).
15. Saltzburg, supra at 357.
16. See also Municipality of Bethel Park v. Workmen's Compensation Appeal Board, 636 A.2d
1254, 1257 (Pa. Commw. Ct. 1994) (applying this definition of "spontaneous" and discussing origin of
present sense impression exception as being first espoused by "Professor James B. Thayer in Bedingfield's
Case-Declarations as Part of the Res Gestae, 15 Am. L. Rev. 1 (1881), where he concluded that
contemporaneous statements pertaining to any event, whether exciting or not, fell within the res gestae
exception because the assurance of reliability stemmed not from the excitement of the circumstances but
rather from the spontaneity of the utterance"); Waltz, supra at 870-75 (also crediting Professor Thayer with
inventing the present sense impression exception and discussing origins of this exception up to its
promulgation as Rule 803(1) in federal rules of evidence); 46 Colum. L. Rev. at 438 ("all the [spontaneity]
requirement need mean is that there be no apparent motive to lie"); Advisory Committee Notes to Federal
Rule 803(1) at 336 (spontaneity is a key factor).
17. It cannot be said that Martinez's out-of-court statements were premeditated, contrived, or planned,
which are antonyms of "spontaneous." See Roget's Desk Thesaurus (2001) at 508.
18. See Hallums, 841 A.2d at 1276 (additional assurance of reliability is that out-of-court statement
will usually have been made to a third person (usually the witness who testifies to it) who was also present
at the event described and may be cross-examined on the statement) and at 1278-1279 (discussing varying
approaches by other jurisdictions to admission of statements as present sense impressions, particularly a
"corroboration" requirement as an additional safeguard of reliability); Saltzburg, supra at 357 ("To satisfy
the timing, relationship, and event requirements, the [third-party] witness in Court is probably going to have
to be able to corroborate to some extent that the event actually occurred, unless the declarant is present
to so testify or there is some other source of corroboration") (emphasis supplied); Advisory Committee
Notes to Federal Rule 803(1) at 336 ("The underlying theory of [Rule 803(1)] is that substantial
contemporaneity of event and statement negative the likelihood of deliberate of [sic] conscious
misrepresentation. Moreover, if the witness is the declarant, he may be examined on the statement. 
If the witness is not the declarant, he may be examined as to the circumstances as an aid in evaluating the
statement.") (emphasis supplied).
19. For example, the videotape depicts appellant "swaying, hopping, and putting his foot down twice"
while appellant was performing a one-leg stand test. "[A]lmost immediately" after this, Martinez can be
heard saying that appellant was "swaying, hopping, and putting his foot down twice."
20. The reliability-insuring safeguards that qualify Martinez's out-of-court factual assertions as present
sense impressions should also make it very difficult, if not impossible, to conclude, under a proper
application of Rule 803(8)(B), that these out-of-court statements are a "speaking offense report."
21. See Maj. Op. at 19, and at 6 fn.10, and at 7 fn. 12, and at 15 fn. 35.
22. See Maj. Op. at 2.