JAMES ANDREWS, by MARY RILEY, his next friend, Appellee,
v. THE CHICAGO GREAT WESTERN RAILWAY Co., Appellant.

**Railroads:** NEGLIGENCE: PROXIMATE CAUSE: EVIDENCE. To consti-
1 tute a negligent act the proximate cause of an injury, the act
complained of must directly and without the intervention of
any other efficient agency have caused the result, or, have set
in motion forces from which one effect naturally produced
another, thus forming an unbroken connection between the
wrongful act and the injury. Evidence held insufficient to es-
tablish the failure of a section foreman to sooner order the
removal of a handcar from the track to avoid collision with a
passing train, as the proximate cause of plaintiff's injury re-
ceived in removing the car.

**Admission of evidence:** OBJECTION: WAIVER. Where evidence of a
2 minor's expenses, the result of a personal injury, was admitted
without objection and no request for its withdrawal was made,
it was not reversible error to permit the jury to consider the
same, and a failure to object thereto upon the trial was a
waiver of the right to raise the question on appeal.

**Damages:** PROOF OF EARNING CAPACITY. An unemancipated minor
3 cannot recover for time lost during his minority, as the result
of a personal injury, but when it is claimed the injury is per-
manent, proof of his earning capacity prior to the accident is
competent on the question of his impaired earning capacity
after arriving at majority.

*Appeal from Chickasaw District Court.*— HON. L. E. FEL-
LOWS, Judge.

THURSDAY, DECEMBER 14, 1905.

ACTION at law to recover damages for an alleged personal
injury. Verdict and judgment for plaintiff, and defendant
appeals.— *Reversed.*

*D. J. Lenehan, F. F. Swale,* and *C. W. Reed,* for ap-
pellant.

*Springer, Clary & Condon,* for appellee.

WEAVER, J.— The plaintiff, a minor in his eighteenth year, was employed by the defendant as a section or track hand, in which service he had been engaged several months at the time of the injury complained of. Under the direction of his foreman, plaintiff, with three other workmen, boarded a hand car at one of the stations on defendant's road to go to their work at a point some two or three miles distant. A train from the opposite direction, then about due, was late, and did not appear in sight until the party had nearly reached their destination, when its near approach made it necessary to clear the track. The hand car was then stopped, and a track jack and other tools which they had been carrying having been thrown off, the four men, acting under the orders of the foreman, lifted the car and carried it to the side of the track. The road at this point was graded up about two feet, and in carrying the car down the slope one of the men stumbled and fell, or permitted the handle to slip from his hand. The extra weight thus suddenly cast upon the plaintiff had the effect to bring his hand down, catching and crushing or breaking his finger between the handle of the car and the track jack, which was lying on the ground. He also claims to have received at the same time an injury to his right side. The allegation of negligence upon which a recovery is sought is in substance that the foreman and his assistants did not exercise due care in stopping the hand car in time to remove it from the track without danger of injury, and thus, by permitting said car to remain upon the track until a collision was imminent, rendered it necessary to put forth great exertion to avoid such accident. It is also alleged that a convenient and safe place was offered at which the hand car could have been safely removed, but the foreman failed to avail himself of it and continued to propel the car along the track until they were forced to remove it at an unsuitable

and dangerous place for that purpose. The defendant takes issue upon all the material allegations of the petition. There was a verdict in plaintiff's favor for $1,200, and from the judgment rendered thereon this appeal is prosecuted.

I.  There is no evidence in the record to support a finding that the place where the hand car was stopped and lifted from the track was in itself unsuitable or dangerous for that purpose. The obvious danger to which the crew was exposed was from the approaching train, and the negligence, if any, consisted in permitting its too near approach before clearing the track. Assuming then that this charge of negligence has been sufficiently established; is there any evidence that such negligence was the approximate cause of the appellee's injury? After a careful reading and re-reading of the record we are forced to the conclusion that this question must be answered in the negative. There was no collision between the train and the hand car; the car, tools, and men were safely clear of the track before the train passed; the removal of the car by four men, each lifting a corner, was the usual method employed for that purpose, and, unless it be in delaying the act too long, there was nothing in the act itself or in the method of its execution to mark it as an exception to the universal practice of the average section crew which stops its hand car and removes it from the track for the passing of a train. The clear and practically undisputed showing is that the car was being removed with considerable haste, and in carrying it down the slope of the grade one of the men, one Wassendorf, lost his grip upon the handle by which he was lifting, and thus caused the injury to appellee. Now it seems perfectly clear that, unless the slipping of the car handle from Wassendorf's hands is shown to have been the natural and proximate result of the foreman's negligence in not sooner ordering or permitting the removal of the car from the track, then an essential link in the chain of proof is lacking, and the recovery cannot

1. RAILROADS: negligence: proximate cause: evidence.

be upheld.  Wassendorf himself testified on behalf of plain-tiff, and after describing how the four men, each lifting a corner of the car, carried it down the slope of the grade, adds:  " I hung on as good as I could.  My fingers slipped and the car went down.  Jimmie [appellee] got the weight of the car on our end.  .  .  .  We just got it off and that was all when the train passed.  As we were taking the car off Jimmie kind of stumbled and brought the weight down, and the jack was laying there, and, of course, he happened to get his hand right between the jack and the hand car."  On cross-examination he says:  " I just ac-cidentally stumbled and don't know what I stumbled on.  I had to let go with one hand when I stumbled. It was my stumbling that caused me to lose my hold on the car."  As a witness in his own behalf. the plaintiff says:  " We grabbed the car, picked up the car, and carried it down the dump, and in carrying it down Wassendorf's hand slipped, and he sort of staggered and threw the weight on me, and I went down with the car."

All the other testimony is consistent with these state-ments.  But by what process of reasoning are we to find that the stumbling of Wassendorf or the slipping of the car handle from his hand is directly or proximately attributable to the failure of the foreman to order a stop a minute sooner, or a few hundred feet further back ?  True, the in-jury to plaintiff was one of a series of events attending the movements of the crew under the direction of the foreman. In order of time, it follows the alleged act of negligence, but this in itself is not sufficient.  The argument " post hoc, propter hoc," is alluring, but illogical.

The relation of effect to an alleged cause must be estab-lished by something more substantial than the mere order of occurrence.  Nor is it enough to say that, had the car been sooner stopped and removed from the track, it is probable plaintiff would not have been injured.  It could be said with equal force that, had the crew never left the

station on the morning in question, this particular accident could not have happened. Into this consideration of the dependence or relation, near or remote of every human act and experience upon all other human acts and experiences no man can enter without becoming involved in inextricable confusion. For the purposes of the law of negligence we must first test the particular act complained of by the recognized rules of care, and, if the test indicates negligence, we then inquire whether such negligent act or omission is the proximate cause of the alleged injury, and, if so, and there is an absence of contributory fault on plaintiff's part, he may recover. When a cause is in the legal sense " proximate " is not always easy of statement or definition : but it has been the subject of too frequent consideration in our recent decisions to justify further attempt in that line at this time. *Watters v. Waterloo,* 126 Iowa, 199; *Burk v. Creamery Package Co.,* 126 Iowa, 730; *Horn v. R. R. Co.,* 124 Iowa, 281; *Phinney v. R. R. Co.,* 122 Iowa, 494.

If the negligent act directly and without the intervention of any other efficient agency produces the result complained of, or if it sets in motion forces, otherwise quiescent, from which one effect naturally and logically produces another, constituting an unbroken connection between the wrongful act and the injury, " a continuous succession of events so linked together as to make a natural whole," then, under the rule of the cases, the original act may be called the proximate cause of the harmful result, and the party chargeable therewith be held for damages. In the case before us we are unable to trace this causal connection between the alleged negligence in approaching too closely to the oncoming train and plaintiff's hurt. True the witnesses show that the crew was required to act promptly and with dispatch to avoid a collision, but none say, directly or indirectly, that this circumstance was the cause of Wassendorf's failure to hold up his corner of the car with the resultant crushing of appellant's finger. Nor is anything shown from

which this inference may be legitimately drawn. Prompti-
tude and dispatch are necessary and unavoidable features
of railway service in all its branches, where the employé
is or·may be exposed to dangers from swiftly moving trains.
The liability of a fellow workman to stumble or fall, or to
lose his grasp upon a tool or heavy material which he car-
ries or lifts in the course of his employment, can be fully
guarded against by no degree of care, and, to the extent that
such risks are naturally incident to properly regulated serv-
ice, they are assumed by the employé.   We find nothing in
the record which serves to relieve the plaintiff's case from
the operation of this rule.

II.   The court instructed the jury that in estimating
the plaintiff's damages they could consider the expenses in-
curred by him for medical aid and treatment, and error is

2. ADMISSION
OF EVIDENCE:
objection:
waiver.

assigned upon this instruction.   As ˉplaintiff
was a minor not shown to have been emanci-
pated, this objection would be good, if made in
time (see *Newbury v. Manufacturing Co.,* 100 Iowa, 441);
but the testimony was admitted without objection, and the
court was not thereafter asked to withdraw it from the
jury.   Under such circumstances the right to raise the ques-
tion on ·appeal is waived.   While the plaintiff's parents were
primarily liable for the physician's services, there was also
at least a secondary liability therefor resting upon the plain-
tiff, notwithstanding his minority (Code, sec. 3189); and,
in the absence of an objection on the part of the defendant,
there was no reversible error in permitting the jury to con-
sider the expenses thus incurred.

Complaint is made of the admission of evidence as
to the capacity of the plaintiff to earn money prior to his
injury.   If admitted or used to enable plaintiff to recover

3. DAMAGES:
proof of earn-
ing capacity.

for loss of time prior to the trial in the lower
court, the objection is well founded; for pay-
ment for services rendered while still an unemancipated
minor was due to his parents˙ or guardian and not recov-

erable at his personal suit. The contention that plaintiff could not recover for time lost prior to the trial below is of course well founded, and testimony to establish such a claim could not be admitted without error. It appears, however, that plaintiff was insisting that his injuries were of a permanent character, and upon that theory we think proof of his earning capacity prior to the accident was competent and material, not as a basis of recovery for time already lost, but as a pertinent fact to be considered in assessing his compensation, if entitled to any, for the impairment of earning capacity after reaching his majority.

Many other exceptions to rulings upon the introduction of testimony and to the instructions given the jury have been argued by the counsel, but we cannot extend this opinion for their consideration in detail. We have examined each in the light of the record presented and the briefs of counsel, and find no error of which appellant can justly complain.

For the reasons hereinbefore stated, a new trial must be ordered, and the judgment of the district court must therefore be *reversed.*