JESSE D. JACKSON, Appellee, v. THE CITY OF GRINNELL
Appellant.

**Municipal corporations:** NEGLIGENCE: PLEADINGS: AMENDMENT: PRE-
JUDICE.    In this action for injuries caused by a defective side-
walk, the petition alleged that there was a broken board, and
that one of the parts had dropped below the level of the walk
leaving a hole into which plaintiff slipped or fell.   Plaintiff testi-
fied that he stepped upon a broken board which turned under
his foot and let him slip, and that the break in the board was an
old one.   By an amendment plaintiff stated that he fell either by
slipping into a hole in the defective walk, which was caused by
the dropping of the inner end of a piece of a broken board
hanging by a nail to the outer stringer, or by slipping on the
outer end of a broken board held to the stringer, but sloping down-
ward toward the center of the walk where it was broken and
depressed below the general level of the walk.   *Held,* that the
amendment presented no new issue material to the cause of ac-
tion, and while it might well have been stricken, still it was not
prejudicial, nor was it cause for continuance.

**Same:** CONTRIBUTORY NEGLIGENCE: KNOWLEDGE OF DEFECTIVE WALK.
2   Although a pedestrian may know a walk is defective, still if he
believes as an ordinarily prudent person has the right to believe
that he can use it in safety, then he is not required to take an-
other route although there is a better walk which would serve
his purpose.

**Same.**   The question of prudence in the use of a defective walk at
3   night is to be determined from the condition of the walk, the
darkness, the extent of knowledge of the conditions, and all the
proven circumstances which should appeal to the judgment of a man
in the exercise of ordinary care; and the exercise of prudence
is a question for the jury.

**Same:** EVIDENCE: SUBSEQUENT CONDITION OF WALK.   It is proper to
4   show, in an action for a sidewalk accident, that upon examina-
tion of the walk shortly afterward the same was found to be
decayed and rotten, as bearing upon the condition of the walk
at the time of the accident; and the question whether the defects
had existed for such length of time that the city, in the exercise
of reasonable prudence, ought to have discovered and remedied
the same was for the jury.

New trial: NEWLY DISCOVERED EVIDENCE. Newly discovered evidence merely cumulative in character is not ground for new trial; nor should a new trial be granted where no good reason is shown for not producing the evidence at the trial and before verdict.

*Appeal from Poweshiek District Court.*—HON. K. E. WILLCOCKSON, Judge.

SATURDAY, OCTOBER 23, 1909.

ACTION to recover damages for personal injury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*P. G. Norris* and *Lyman & Lyman,* for appellant.

*George H. Crosby* and *J. H. Patton,* for appellee.

WEAVER, J.—On the night of September 9, 1907, the plaintiff, a young man of twenty-seven years of age, is alleged to have fallen and received an injury upon one of the walks of the defendant city, said fall having been occasioned by the defective condition of the walk, and without fault on his part. He charges the defendant with negligence in the maintenance of the walk in question, in that it had permitted the same to become weak, rotten and dilapidated, and to remain in that condition an unreasonable length of time without proper repair. In his original petition plaintiff alleged that in said walk there was a broken board, the parts of which had been allowed to remain unfastened, one of them having dropped below the level of the walk, leaving a hole therein some twelve inches in width and two feet in length, and that in passing this place he slipped and fell, his left foot passing through said hole in the walk, and that he thereby fractured his ankle. The case being tried to a jury, the plaintiff, after all the evidence was in, asked and was allowed to file an amendment to his petition to conform his claim to the proof which had been adduced

with respect to the manner of his injury. By the amendment he alleged that he was caused to fall either by slipping into a hole in the defective walk, which hole had been caused by the dropping of the inner end of a piece of broken board, still hanging by a nail to the outer stringer, or by slipping on the outer end of a broken board which held to the stringer, but sloped downward toward the middle of the walk, where it was broken off and depressed below the general level. On the filing of this amendment defendant moved the court to strike it, because it did not conform to the proof. This motion being overruled, defendant further moved for a continuance to the next term on the ground that the amendment presented a new issue, on which it was not prepared to go to trial. The court refused to grant a continuance, and error is assigned on the ruling. There was a verdict for $650. A motion for a new. trial because of alleged errors, and on the ground of newly discovered evidence, was overruled; and, judgment being entered on the verdict, defendant brings the case to this court by appeal.

I. Counsel for defendant give first attention to the matter of the amendment which the court allowed plaintiff to make after the close of the evidence. It is said the amendment introduced into the case a new issue, on which defendant was entitled to time to prepare its defense. It is also said there was neither "allegation nor testimony that there was a defective board which caused the injury." We think this contention cannot be seriously advanced, or counsel have failed to read the record, which they themselves present. The original petition, as set out in appellant's abstract, alleges that there was a broken board, and that one of the fragments or parts had dropped below the level of the walk, making a hole into which he slipped or fell. Plaintiff testifies that he stepped on a broken board, which turned under his foot and let him slip. On cross-examination he again states that the board was broken, and that it was an old break which had

1. MUNICIPAL CORPORATIONS: negligence: pleadings: amendment: prejudice.

"weathered over." Indeed, it is difficult to perceive why plaintiff should have felt required to file the amendment. It introduced no material new averment. It is true the petition speaks of the two pieces of the broken board as having been left in the walk "unfastened," while the amendment alleges that one end of the fragment on which plaintiff stepped hung to the outer stringer by a nail, but the essential averment in either case was that the board was broken, making a hole or defective place in the walk, so that when plaintiff stepped upon it he slipped and fell to his injury. It was unnecessary to burden the pleadings with minute details. The defendant was fully and fairly advised of the general nature and substance of the claim made against it, and there is no merit in the exception taken to the ruling of the trial court in this respect. The court might well have stricken the amendment as unnecessary, but appellant suffered no prejudice by permitting it to stand.

II.   The court charged the jury that, even if plaintiff knew the walk was defective, if he believed, and, as an ordinary prudent man he had a right to believe, that he could use it with safety, then he was under no obligation to select another route of travel, although there were other and better walks which might have served his purpose. The error assigned upon the giving of this instruction cannot be sustained. It fairly states the rule as it has often been approved by this court. *Scurlock v. Boone,* 142 Iowa, 580, 684; *Sylvester v. Casey,* 110 Iowa, 258; *Kendall v. Albia,* 73 Iowa, 248; *Templin v. Boone,* 127 Iowa, 94.

2. SAME: contributory negligence: knowledge of defective walk.

It is objected, however, that there was no evidence before the jury to which the instruction was applicable. We do not so read the record. Plaintiff would not be guilty of contributory negligence in choosing that route to his home unless, in the light of all the circumstances, as known to him, it was imprudent to do so. Whether it was prudent depends on the just inferences to be

3. SAME.

drawn from the condition of the walk, the darkness of the
night, the extent of plaintiff's knowledge of the conditions,
and all other proved circumstances which should appeal to
the judgment and good sense of a man in the exercise of or-
dinary care for his own safety. This is the province of the
jury, and the court properly left the question to its deter-
mination.

III. Witnesses on both sides mentioned the fact that,
soon after the alleged accident, the sidewalk at this place
was "turned up," and later was removed, and some of them
stated that the stringers thus exposed were
found to be rotten. The court charged the
jury that this evidence could be considered
only as bearing upon the condition of the walk
at the time of the alleged injury and upon the question of
notice to the city officers of its defective condition, if any.
Counsel argue that this instruction is erroneous as being in
violation of the rule which excludes evidence of subsequent
repairs in cases of this character. To this objection it may
be answered that the testimony appears to have been ad-
mitted without objection or exception, and the instruction
criticised is pertinent to the record so made. Moreover, the
testimony does not appear to have been open to the objection
now made. No one swears that the tearing up and removal
of the walk was the work of the city, or that the city was in
any manner responsible for this change in conditions at the
place in question. If, on examination within a short time
after the accident, the materials of which the walk was com-
posed were found to be rotten and decayed, it was certainly
proper to show it in evidence as bearing upon its condition
at the time of the accident, as well as upon the question
whether the alleged defect had existed such a length of time
that the city, in the exercise of reasonable supervision of its
streets, ought to have discovered and remedied it. The court
carefully charged the jury, limiting the effect of the evi-

4. SAME:
evidence:
subsequent
condition of
walk.

dence to this legitimate purpose, and the exception taken to the instruction must be overruled.

IV.   Nor was there any error in overruling the motion to set aside the verdict and for a new trial.   The evidence was sufficient to take the case to the jury.   No reversible error in the rulings of the court upon the trial of the case has been shown.   The amount of the verdict is not so great or excessive as to clearly indicate that it was the result of passion or prejudice. The alleged newly discovered evidence is merely cumulative in character.   Moreover, the witness by whom it was proposed to prove the alleged facts was, during all the period between plaintiff's injury and the trial of this case, a resident of the defendant city, and no good reason is shown or suggested why the matters of which he speaks in his affidavit were not discovered before the case had been fully tried and verdict returned.

*5. NEW TRIAL: newly discovered evidence.*

We discover no sufficient cause for disturbing the judgment of the District Court, and it is *affirmed*.