STATE of Iowa, Appellee,

v.

David Wayne JOHNSON, Appellant.

No. 56656.

Supreme Court of Iowa.

Nov. 13, 1974.

Robert A. Wynn, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

HARRIS, Justice.

This appeal questions the propriety of instructing on a material issue where all evidence supporting the issue would have been inadmissible but was received without objection. David Wayne Johnson (defendant) appeals his conviction of burglary with aggravation in violation of §§ 708.1 and 708.2, The Code. We affirm.

On May 14, 1973 at about 11:15 p. m. three armed men entered the house of Earl J. Ingram in Des Moines. A scuffle ensued between Ingram and the three intruders. Defendant's subsequent trial and conviction resulted.

Defendant testified in his own defense. His direct examination did not touch any facts relating to his employment. Neither did defendant testify about any events on May 14, 1973 prior to the evening hours except to deny generally he was in the Ingram residence on May 14.

On cross-examination defendant was questioned by the county attorney as to his whereabouts on May 14. The following record was made:

"Q. Mr. Johnson, you stated on direct examination that on the 14th of May this year you were not at the Ingram residence. Where were you at approximately 6:00 p.

m. on that day? A. 6:00 p. m.? I was just about getting off work. I work—that was when I was working for Don White Sodding Company.

"Q. All right. And what did you do after you got off work? A. I got home about 6:30 and I took a bath, got cleaned up, rested.

"Q. How many hours had you worked for Don White Sodding Company that day? A. I went in about—I was supposed to get there about 7:30 and then I got off about 6:00.

"Q. Did you get there at 7:30? A. It was about fifteen 'til 8:00 I got there that day."

No objections were interposed to any of the foregoing questions and no motion was made to strike the answers.

In rebuttal the State called Sergeant James Breining of the Des Moines police department who testified he was in charge of detention units. He was allowed to testify without objection defendant was in the Polk County jail until 11:45 a. m. on May 14, 1973. No motion was made to strike Sergeant Breining's testimony.

On the basis of Breining's testimony the trial court, over defendant's objection, gave the *Iowa Uniform Jury Instruction* on impeachment. The form of the instruction, which informs the jury of the use to be made of impeachment testimony, is not challenged. Defendant did vigorously challenge giving the instruction because it was grounded on a collateral matter. His sole assignment on appeal is his claim the trial court erred in giving any instruction on impeachment.

I. We are not presented with the question of proper scope of cross-examination. No objections were interposed to the questions when asked and no motion was made to strike answers given. For proper scope of cross-examination see § 781.13, The Code, and State v. Jensen, 189 N.W.2d 919, 923–924.

We note defendant waived a readily available objection to Sergeant Breining's contradicting evidence by not objecting. That available objection was defined in McCormick on Evidence, Second Ed., § 47, page 98 as follows:

" * * * [T]he courts maintain the safeguarding rule that a witness may not be impeached by producing extrinsic evidence of 'collateral' facts to 'contradict' the first witness's assertion about those facts. If the collateral fact sought to be contradicted is elicited on cross-examination, this safeguarding rule is often expressed by saying that the answer is conclusive or that the cross-examiner must 'take the answer.' * * *."

We believe Sergeant Breining's rebuttal testimony went to a collateral issue raised in cross-examination. It was not addressed to anything testified to by defendant in his testimony in chief, and was not independently admissible in connection with the State's case.

II. It does not however follow Sergeant Breining's contradicting testimony has to be ignored after it was received into evidence without objection. In State v. Schurman, 205 N.W.2d 732, 735 (Iowa 1973), we quoted with approval the following:

" * * * [A] failure to make a sufficient objection to evidence which is incompetent waives any ground of complaint as to the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes a part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. The incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding. This principle is almost universally accepted, and it applies to any ground of incompetency under the exclusionary rules." McCormick on Evidence, Second Ed., § 54, pages 125–126.

Sergeant Breining's testimony then is in the case as fully and effectively as if it were not objectionable.

 III. Defendant's objections at trial were addressed to the proposed instruction on impeachment. At that time contradicting evidence was in the record and was available to be considered for impeachment purposes.

In Collins v. Collins, 46 Iowa 60–61 (1877) we said:

"The defendant excepted to this instruction because no issue of fraud was made in the pleadings.

"No objection was made to the evidence showing the circumstances under which the mortgage was made. Objection was first made when the instruction was given to the jury. It was too late."

In Andrews v. Chicago Great Western Railway Co., 129 Iowa 162, 167, 105 N.W. 404, 405 we said:

"The court instructed the jury that in estimating the plaintiff's damages they could consider the expenses incurred by him for medical aid and treatment, and error is assigned upon this instruction. As plaintiff was a minor not shown to have been emancipated, this objection would be good, if made in time * * * but the testimony was admitted without objection, and the court was not thereafter asked to withdraw it from the jury. Under such circumstances the right to raise the question on appeal is waived. * * *."

In Jackson v. City of Grinnell, 144 Iowa 232, 236, 122 N.W. 911, 912, we said:

" * * * Counsel argue that this instruction is erroneus as being in violation of the rule which excludes evidence of subsequent repairs in cases of this character. To this objection it may be answered that the testimony appears to have been admitted without objection or exception, and the instruction criticized is pertinent to the record so made. * * *."

We have recently recognized the responsibility of a trial court to instruct the jury on applicable law to the facts as disclosed by the evidence. State v. LaMar, 210 N.W.2d 600, 605–606 (Iowa 1973); State v. McConnell, 178 N.W.2d 386, 389 (Iowa 1970).

It was not error for the trial court to instruct on impeachment. Defendant's assigment is without merit.

Affirmed.