STATE of Iowa, Plaintiff-Appellee,

v.

Joan FLESHER, Defendant-Appellant.

No. 60946.

Court of Appeals of Iowa.

Aug. 9, 1979.

Application for Further Review Granted by Supreme Court on Sept. 28, 1979.

Dorothy O'Dean, Glenn F. Ruud and Stewart R. Winstein of Winstein, Kavensky, Wallace & Doughty, Rock Island, Ill., for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Lona J. Hanson, Asst. Atty. Gen. and William E. Davis, Scott County Atty., for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

CARTER, Judge.

Defendant appeals judgment and sentence entered upon her conviction of the offense of murder in the second degree.[1] She raises three principal issues: (1) whether the victim's husband was improperly permitted to testify over a hearsay objection with respect to a telephone conversation with the victim shortly before the time of the murder; (2) whether the trial court improperly admitted impeachment evidence relating only to collateral matters; and (3) whether the evidence was sufficient to support the verdict of the jury. We consider these issues separately and affirm the trial court.

I. At the trial the prosecuting attorney questioned the victim's husband concerning a telephone conversation he claimed to have had with his wife at approximately 12:30 p. m. on the day of the murder. The relevant portion of the transcript reads as follows:

[MR. BERGER:]

Q. How did that conversation end?

A. Well, there was a knock on the door—

MR. WINSTEIN: We object as calling for hearsay. There is no possible way he could know there was a knock on the door. I don't understand the witness's ability—

THE COURT: Apparently not. He has testified there was a knock on the door. The objection is overruled.

A. You can hear the knock on the door. I could hear it. Anyway, she says:

MR. WINSTEIN: Object to the conversation as hearsay.

THE COURT: Overruled.

A. The first thing she said to me was "It's a man," she went to the door and I could hear some conversation in the background, and she came back to the phone and she said "It's Joan," and I said "Did you let her in?" She said, "Yes, I did." I said, "Well, just be careful." She said, "I will," and I said "I will talk to you later" and she hung up.

Q. Did you ever get a chance to talk to her later?

A. No."

Joan is the defendant's first name and the evidence shows that she was known to the victim and the victim's husband. The victim died from a single gunshot wound. A witness who resided in the apartment adjacent to where the killing took place testified to hearing a single shot at approximately 1:00 p. m. on the day of the murder.

Defendant urges that given all of the foregoing facts, the clear purpose of the challenged testimony was to establish the truth of the matter asserted, namely that the defendant was in the apartment of the victim shortly before the killing took place. From this premise it is argued that the testimony falls within the definition of hearsay approved in *State v. Judkins*, 242

1. Section 690.3, The Code 1977.

N.W.2d 266, 267–68 (Iowa 1976) ("[A] statement, other than one made by declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").[2]

In meeting defendant's arguments, we will assume that the challenged testimony was offered to prove the truth of the statements asserted by the declarant. We nevertheless conclude that it falls within a recognized area of exception to the hearsay exclusion. The substance of telephone conversations with homicide victims, pertaining to material facts preceding the killing, has been admitted over hearsay objections in *Commonwealth v. Coleman*, 458 Pa. 112, 115–19, 326 A.2d 387, 388–90, 74 A.L.R.3d 954, 956–58 (1974), and *McCaskill v. State*, 227 So.2d 847 (Miss.1969). A similar utterance made by a shortwave radio communication was held admissible in *State v. Connley*, 295 N.C. 327,·341–45, 245 S.E.2d 663, 671–74 (1978).

In the latter two cases, the theory of admissibility applied was a generic res gestae exception to the hearsay rule. In the former case, the court relied on a more specific exception to the hearsay rule identified as "declarations of present sense impression." This rule is recognized in *McCormick*, Evidence, § 298 at 710, and is included in Rule 803(1) of the Federal Rules of Evidence.[3]

The doctrine proceeds on the theory that under appropriate circumstances, an otherwise hearsay statement may possess circumstantial guarantees of trustworthiness sufficient to favor admissibility. This exception to the rule differs from that relating to excited utterances in that emotional excitement is not required. Rather, it is based upon the theory that the substantial contemporaneity of event and statement negative the likelihood of misrepresentation. *See McCormick*, Evidence, § 298 at 710:

Advisory Committee Note, Rule 803, Federal Rules of Evidence.

When the rule is applied to telephonic declarations by unavailable declarants, independent verification of the facts giving rise to the declarant's impression may be impossible. Such is the situation in the present case. But verification has not been held to be a prerequisite to the applicability of this exception to the hearsay rule. *Coleman*, 458 Pa. at 119, 326 A.2d at 390, 74 A.L.R.3d at 959. While the applicability of the Fed.R.Evid. 803(1) has not been previously determined in this state, other portions of these rules relating to the definition of hearsay and matters not constituting hearsay have been approved. *State v. Kidd*, 239 N.W.2d 860, 864 (Iowa 1976). We conclude that the challenged testimony in the present case falls sufficiently within a recognized exception to the hearsay rule and is otherwise sufficiently reliable to sustain the trial court's ruling.

II. We next consider defendant's claim that the state was improperly permitted to impeach her testimony by evidence of immaterial and collateral matters. She complains of testimony by four different witnesses called by the state on rebuttal. Two police officers testified that defendant, the day before the killing, referred to her husband as "a son-of-a-bitch" and stated "I am not going to give up my property without kicking somebody's ass." The manager of a motel where defendant's husband had been cohabiting with the victim of the shooting testified that a woman had called the motel sometime in October, 1976, identified herself as the wife of the motel guest sharing a room with the murder victim and stated: "My husband is in the room and he is shacked up with some woman. I want to talk to the son-of-a-bitch." As to the testimony of the police officers and the motel

---

2. This definition is similar to that contained in Federal Rule of Evidence 801 which was adopted in *State v. Miller*, 204 N.W.2d 834, 840 (Iowa 1973).

3. Fed.R.Evid. 803(1) provides: "The following are not excluded by the hearsay rule, even though the declarant is available as to witness: (1) Present Sense Impression. A statement describing an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

manager, no objection was made on the grounds presently asserted at the time it was introduced. Moreover, there was no motion made to strike this testimony after it was given. The consequence of failing to object is that the testimony becomes part of the evidence as fully and effectively as if it were not objectionable. Defendant has failed to preserve the objection now urged as a ground for appeal. *State v. Johnson*, 223 N.W.2d 226, 228–29 (Iowa 1974).

The other testimony which is complained of on appeal was objected to in the trial court on the ground that it was impeachment on a collateral matter. This was the rebuttal testimony of the witness, Carolyn Rosenthal. She testified that, for a period of time commencing about eighteen months prior to the killing, defendant and her husband argued about twice a week, calling each other foul names and sometimes slamming down the telephone and storming out. During the hearing on this testimony, held out of the presence of the jury, the state conceded that it related to "the nature and character of her arguments and her relationship with Bud Flesher [her husband] *over the years*" (emphasis added).

■ Defendant had testified on both direct and cross-examination that she did not argue with her husband. Defendant urges that the time period involved in Carolyn Rosenthal's testimony was too broad. She further urges that the nature of the arguments in 1974 were not such that they were material to show a propensity for violence on defendant's part. The veracity of a witness may be placed in question by evidence which reveals *material* facts are other than as stated by the testifying party. *State v. Peterson*, 219 N.W.2d 665, 671 (Iowa 1974). This rule does not apply to immaterial facts. *State v. Hill*, 243 N.W.2d 567, 571 (Iowa 1976).

■ In evaluating defendant's claim we must conclude that if the circumstances surrounding arguments, or lack thereof, between defendant and her husband were not material, it was she who opened the matter up for inquiry. Her testimony on direct examination as to the lack of arguments

with her husband was not limited as to time. In *Vine Street Corp. v. City of Council Bluffs*, 220 N.W.2d 860, 864 (Iowa 1974), the court stated:

> The rule in Iowa is that when one party introduces inadmissible evidence, with or without objection, the trial court has discretion to allow the adversary to offer otherwise inadmissible evidence on the same subject when it is fairly responsive.

This rule was applied in a criminal case (homicide) in *State v. Pepples*, 250 N.W.2d 390, 394 (Iowa 1977). Applying those principles in the present case we find no reversible error in the admission of the challenged testimony.

■ III. Finally, defendant urges that the evidence fails to support the verdict of the jury. Upon our review of the record, we disagree. In addition to the evidence of the telephone call to the victim's husband previously discussed, there was other evidence that defendant: (a) had knowledge of her husband's open living arrangement with the victim and where they resided; (b) hid the gun identified as the murder weapon after the killing; and (c) stated on two occasions after the killing, "I did it." Defendant's alibi evidence was inconclusive with respect to the precise time of the shooting. We must view this evidence most favorably to the state. *State v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977). As so viewed, it supports the verdict.

We have considered all issues presented and find no ground for reversal.

AFFIRMED.

OXBERGER, C. J., and DONIELSON, J., concur.

SNELL and JOHNSON, JJ., dissent.

JOHNSON, Judge (dissenting).

I dissent from Division I of the majority's opinion which holds the victim's telephonic declarations to be admissible under the "present sense impression" exception to the hearsay rule. I find *United States v. Narciso*, 446 F.Supp. 252 (E.D.Mich.1977), to be instructive wherein the court stated:

[u]nderlying Rule 803(1) is the assumption that statements of perception substantially contemporaneous with an event are highly trustworthy because: (1) the statement being simultaneous with the event there is no memory problem; (2) there is little or no time for calculated misstatement; and (3) the statement is *usually* made to one who has equal opportunity to observe and check misstatements. (emphasis added)

446 F.Supp. at 288, quoting Weinstein & Berger, *Weinstein's Evidence*, ¶ 803(1) [01] (1975).

While the *Coleman* case, cited by the majority, provides authority for the proposition that independent verification of the facts giving rise to the declarant's impressions is not an absolute prerequisite to admissibility, the court concludes that: "[i]n view of the *facts and corroborative testimony of the appellant* [defendant], we can see no reason to alter that practice in this case." 458 Pa. at 119, 326 A.2d at 390, 74 A.L.R.3d at 959 (emphasis supplied).

In the absence of corroborative testimony of one who has had an equal opportunity for observation *or* substantial corroborative evidence, I would consider the present sense impression testimony of the otherwise unavailable declarant to be inadmissible. The declarant's testimony in this case does not meet either criterion and should not have been admitted. Therefore, I would reverse trial court's judgment and remand this case for new trial.

SNELL, J., joins in this dissent.