# IN THE COURT OF APPEALS OF IOWA

No. 17-1944
Filed February 20, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**RANDALL JOHN CLEMENS,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.


　　　Randall Clemens appeals from his convictions for domestic abuse assault by strangulation, second-degree harassment, and interference with official acts causing bodily injury. **AFFIRMED.**


　　　Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

　　　Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.


　　　Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Randall Clemens appeals from his convictions for domestic abuse assault by strangulation, second-degree harassment, and interference with official acts causing bodily injury. He asserts the trial court erred in admitting the recording of a 911 call placed by his mother, arguing her statements on the call were inadmissible hearsay.

Clemens lived in the basement of his parents' home in rural Marshall County. Clemens's father and mother, Leslie and Sandra, are in their eighties. About 5:40 a.m. on August 4, 2017, Sandra called 911 to report Clemens had Leslie on the ground and she needed assistance. The recording of the 911 call lasts until one of the responding officer ends the call—about fifteen minutes. The recording of the 911 call includes statements made by Clemens, Leslie, and Sandra. About a minute into the phone call, Sandra states, "He's coming after me," and yells, "Get away from me!" Several seconds later, she says, "He's threatening to lay Les out now." When the dispatcher asks if Leslie has any injuries, Leslie tells the dispatcher that Clemens "had my air shut completely off and my neck is very sore where he had his arms around me." Responding officers used physical force to subdue Clemens when he refused to comply with their requests, and they removed a revolver tucked into the back waistband of Clemens's pants. As a result of the struggle, one of the officers suffered a cut on his finger.

Clemens was subsequently charged with domestic abuse assault by strangulation causing bodily injury, harassment in the first degree, and interference with official acts resulting in bodily injury.

At the trial, Leslie testified that Clemens had been angry because he was locked out of the house, had broken out a window, and was yelling outside the house when Leslie and Sandra awoke. Clemens came into the house, and he and Leslie yelled at one another. Leslie ended up flat on the floor, and Clemens put his hands "around [his] throat area," causing Leslie to have trouble breathing. Deputy Shaver testified he was one of the responding officers and spoke with Leslie, who was still "visibly upset" and "shaken" about five minutes after officers arrived, reported Clemens had intentionally strangled him until he ran out of breath. Leslie also reported Clemens had threatened to kill him during the encounter. Sandra did not testify. The court allowed the admission and publication of the fifteen-minute 911 recording.

Clemens objects to the admission of the 911 recording as it relates to Sandra's statements. The trial court found the statements made were admissible under the present-sense-impression exception to the hearsay rule. Iowa R. Evid. 5.803(1). The court also concluded the excited-utterance exception of rule 5.803(2) and the residual exception of rule 5.807 were applicable.

We review Clemens's hearsay claims for errors at law. *State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006).

Hearsay is a statement that, "(1) The declarant does not make while testifying at the current trial or hearing; and (2) A party offers into evidence to prove the truth of the matter asserted in the statement." Iowa R. Evid. 5.801(c). "Hearsay . . . must be excluded as evidence at trial unless admitted as an exception or exclusion under the hearsay rule or some other provision." *Newell*, 710 N.W.2d at 18 (citation omitted). Statements of present sense impression, however, "are not

excluded by the rule against hearsay." Iowa R. Evid. 5.803. Rule 5.803(1) defines a present sense impression as "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." "The present sense impression 'is based upon the theory that the substantial contemporaneity of event and statement negative the likelihood of misrepresentation.'" *State v. McIntyre*, No. 18-0266, 2019 WL 156641, at *4 (Iowa Ct. App. Jan. 9, 2019) (quoting *State v. Flesher*, 286 N.W.2d 218, 220 (Iowa Ct. App. 1979)).

We find no error in the court's ruling that the recording was admissible under the present-sense-impression exception to the hearsay rule. *See Newell*, 710 N.W.2d at 19; *see also United States v. Dean*, 823 F.3d 422, 427-28 (8th Cir. 2016) (admitting 911 call as it was "placed with sufficient contemporaneity to the underlying events" (citing *United States v Hawkins*, 59 F.3d 723, 730 (8th Cir. 1995) (same))).

Finding no error in admitting the 911 recording, we affirm.

**AFFIRMED.**